IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROMA MALKANI, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. AW-09-02875 |
| | * | |
| CLARK CONSULTING, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

*****************************************************************************

## MEMORANDUM OPINION

Plaintiffs Roma Malkani ("Malkani") and Information Systems and Networks Corporation ("ISN") bring this action against Defendants Clark Consulting, Inc., Stratford Advisory Group, Inc., and Clark & Wamberg, LLC ("Clark Group"), the administrators, for breach of their fiduciary duties to ISN's Employees' Pension Plan ("the ISN Plan" or "the Plan") under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA"). Malkani and ISN bring their claims under ERISA § 502(a)(2)-(3) and § 502(a),[1] 29 U.S.C. § 1132(a)(2)-(3) and § 1132(a), respectively. Pending before the Court is Defendants' Joint Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (Doc. No. 17) and Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 22). The Court has reviewed the entire record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set

---

[1] Plaintiffs originally cited § 502(a)(8) as the section under which ISN was bringing its claim against Defendants, but has filed a motion to amend the Complaint to replace the references to § 502(a)(8) with § 502(a) generally and to refer to the ISN Plan as a "defined contribution plan" instead of a "defined benefit plan." (Doc. No. 22.) Defendants do not oppose Plaintiffs' request to refer to the ISN Plan as a "defined contribution plan," but argue that a citation to § 502(a) in general is "meaningless and provides ISN with no basis upon which to bring suit." (Doc. No. 23 at 2.) Since the Court grants Plaintiffs' Motion for Leave to Amend the Complaint, it will treat the Motion to Dismiss as applicable to the Amended Complaint.

1

forth below, the Court GRANTS Plaintiffs' Motion for Leave to Amend the Complaint and GRANTS Defendants' Joint Motion to Dismiss for lack of subject matter jurisdiction.

I.  **FACTUAL & PROCEDURAL BACKGROUND**

Malkani is the CEO of ISN, a government engineering services firm, and a participant in the ISN Plan. (Doc. No. 1); *Chao v. Malkani*, 216 F. Supp. 2d 505, 507 (D. Md. 2002). Malkani's responsibilities include providing accurate information to the ISN Plan administrator to facilitate proper administration of the Plan. Clark Group became the court-appointed plan administrator and sole fiduciary of the ISN Plan after the U.S. Department of Labor successfully sued Malkani and ISN for their fiduciary breaches and other violations of ERISA. *See Chao v. Malkani*, 452 F.3d 290 (4th Cir. 2006). Plaintiffs allege that from approximately November 2006 to the time the Complaint was filed on October 30, 2009, Malkani challenged Clark Group's interpretation and application of the ISN Plan's "Year of Service" provision and other bases for calculating the distributions made and contributions required to the Plan. She also allegedly challenged Clark Group's decisions regarding whether the ISN Plan had forfeiture amounts that needed to be taken into account with respect to ISN's required contributions.

According to Plaintiffs' Complaint, ERISA mandates that the ISN Plan require employees to receive one year of vesting credit under their pension plans for every year of employment in which the employee completes 1000 hours of service. However, Plaintiffs believe Clark Group has continuously interpreted the ISN Plan's standard vesting provision to require that an employee's first year of employment with ISN count for two years of vesting credit, instead of just one. As a result of this interpretation that allegedly double counted the employees' first year of service, Plaintiffs claim that the ISN Plan made numerous improper distributions to former ISN employees, which depleted the assets of the ISN Plan and repeatedly

caused ISN to make excess contributions to the ISN Plan. Plaintiffs contend that Malkani informed Clark Group that it was interpreting the ISN Plan's provisions incorrectly, but Clark Group supposedly refused to consider her claim.

On January 11, 2010, Defendants filed a Joint Motion to Dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted, respectively. (Doc. No. 17.) Pursuant to Rule 12(b)(1), Defendants challenge Plaintiffs' standing to bring this suit against them under both ERISA and Article III of the Constitution, and also contend that the Complaint failed to state a claim for breach of fiduciary duty, pursuant to Rule 12(b)(6). (*Id.*)

## II.   MOTION TO DISMISS

### A.   Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Federal Rule of Civil Procedure 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There are two ways to present a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). First, a party may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In this situation, the Court reviews the motion under the same standard as a Rule 12(b)(6) motion.[2] *Id.*

---

[2] Motions to dismiss pursuant to Rule 12(b)(6) are analogous to those pursuant to 12(b)(1) to the extent that courts accept a plaintiff's allegations of material facts as true and construe the complaint in the plaintiff's favor. *Falwell v. City of Lynchburg, Va.*, 198 F. Supp. 2d 765, 772 n.6 (W.D. Va. 2002) (internal citation omitted).

The second way to present a Rule 12(b)(1) motion to dismiss is for the party to contend that the jurisdictional allegations in the complaint are not true. *Id.* When a Rule 12(b)(1) motion challenges the factual basis for subject matter jurisdiction, the burden is on the plaintiff to prove that the court has jurisdiction,[3] *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995), though the court assumes that all factual allegations in the complaint are true, *see Energy Recovery, Inc. v. Hauge*, 133 F. Supp. 2d 814, 816-17 (E.D. Va. 2000). Both sovereign immunity and standing lie at the heart of federal subject matter jurisdiction. *Falwell*, 198 F. Supp. 2d at 771.

"Whether [a] plaintiff has standing to sue is a threshold jurisdictional question." *Stephenson v. Holland*, 102 F. Supp. 2d 686, 689 (S.D.W. Va. 2000). A plaintiff suing in federal court must have both Article III and statutory standing for the court to possess subject matter jurisdiction to decide the case. *Wilmington Shipping Co. v. New Eng. Life Ins. Co.*, 496 F.3d 326, 334 (4th Cir. 2007) (internal citation omitted). At the pleading stage, the plaintiff "must simply allege facts sufficient to find standing." *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 75 n.4 (E.D. Va. 2006).

**B.      Analysis**

    1.   <u>Background on ERISA and Defined Contribution Plans</u>

An employee can bring a civil action under ERISA to recover benefits due under an employee pension benefit plan. 29 U.S.C. § 1132(a)(1)(B), (e). The two basic types of pension plans under ERISA are "defined contribution" and "defined benefits" plan. A defined contribution plan consists of individual dedicated accounts, where the employer's contribution to the plan is fixed and the employee "receives whatever level of benefits the amount contributed

---

[3] When considering the plaintiff's evidence in support of subject matter jurisdiction, the court may look outside the pleadings for the purposes of determining jurisdiction. *AES Sparrows Point LNG, LLC v. Smith*, 470 F. Supp. 2d 586, 591 (D. Md. 2007) (internal citation omitted).

on his behalf will provide." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 439 (1999) (internal citation omitted). Since defined contribution plans provide for "benefits based solely upon the amount contributed to the participant's account," there can, by definition, never be an insufficiency of funds in the plan to cover the promised benefits. *Id.* (internal citation omitted).

The ISN Plan at issue is "a defined contribution plan under which ISN is required to make yearly contributions for each eligible ISN employee who completes more than 1000 hours of service during a Plan year in an amount equal to a percentage of the employee's compensation." *Chao*, 216 F. Supp. 2d at 508. Participants become 100 percent vested in their account balances when they complete five years of service with ISN. *Id.* Plaintiffs allege that Defendants' interpretation of the Plan's vesting provision double counted the employees' first year of service by giving them two years of vesting credit instead of one, and allege that this interpretation is a breach of fiduciary duties. (Compl. ¶ 13-14.)

2. Statutory Standing Under ERISA

   i. *Plaintiff Malkani*

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), allows participants or beneficiaries to bring civil actions under ERISA § 409, 29 U.S.C. § 1109, for breach of ERISA's fiduciary provisions. *Fallick v. Nationwide Mut. Ins.* 162 F.3d 410, 418 (6th Cir. 1998). Section 502(a)(2) provides that "[a] civil action may be brought—by the Secretary [of Labor], or by a [plan] participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title."[4] 29 U.S.C. § 1132(a)(2). The statute grants plan participants the right to sue for breach of fiduciary duty, *Wilmington Shipping Co.*, 496 F.3d at 338, but only when they "seek[] recovery on behalf of the plan," *id.* at 334 (internal citation omitted). *See also Mass. Mut. Life Ins. Co. v. Russell*, 473

---

[4] ERISA defines "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

5

U.S. 134, 140 (1985) (agreeing with the petitioner's contention that recovery under § 409 must "[inure] to the benefit of the plan as a whole"). Here, Malkani claims to be a plan participant, and Defendants did not object to Malkani having statutory standing to sue under ERISA. (Doc. No. 1.) In addition, Malkani has stated that she is pursuing this claim for relief on behalf of the ISN Plan, not in her individual capacity. (Compl. ¶ 17.) Therefore, Malkani has statutory standing under § 502(a)(2).

      ii. *Plaintiff ISN*

An employer such as ISN has standing under § 502(a)(2) only if it is a fiduciary under ERISA and is asserting a claim in its fiduciary capacity. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003) (internal citation omitted) (noting that, based on the definitions of a "participant" and "beneficiary" under 29 U.S.C. § 1002(7), an employer can be neither). "An employer that establishes or maintains an employee benefit plan . . . is a plan sponsor," who "acts as a fiduciary only to the extent that it 'exercises any discretionary authority over the management or administration of a plan.'" *Id.* at 372-73 (internal citation omitted). In this case, ISN is not a fiduciary because Defendants are the sole fiduciaries of the Plan. (Compl. ¶ 4.) Therefore, as Defendants argue, ISN has no statutory standing under § 502(a) to pursue its claim against Clark.

However, Plaintiffs also claim in their Opposition to Defendants' Joint Motion to Dismiss that "courts may assert federal question jurisdiction over federal common law claims by employers that are not specifically listed in ERISA § 502(a)." (Doc. No. 21 at 15.) Specifically, Plaintiffs contend that there is a federal common law right for employers such as ISN to recover contributions made to the ISN Plan as a result of Defendants' errors. (*Id.* at 15-16.) In the one Fourth Circuit case that Plaintiffs cite, *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d

985, 991 (4th Cir. 1990), the court held that "federal question jurisdiction exists pursuant to ERISA only where the issue in dispute is of 'central concern' to the federal statute." Otherwise, the "mere invocation by a plaintiff of . . . federal common law is not enough, by itself, to confer federal question jurisdiction." *Provident Life & Accident Ins. Co.* is distinguishable from this case in that the issue for the Fourth Circuit was "whether federal courts should impart unjust enrichment principles into the gaps left by ERISA." *Id.* Here, there is no gap in § 502(a) that requires judicial interpretation, as it specifically lists the types of parties in § 502(a)(2) that may sue under that section.

More significantly, Plaintiffs did not raise this claim in their original Complaint or in the proposed Amended Complaint—only in their Opposition to Defendants' Joint Motion to Dismiss. (Doc. No. 21.) In *Proctor v. Metro. Money Store Corp.*, the court stated that the plaintiffs' attempt to save their claims by introducing new allegations in their Opposition brief that were not mentioned in their Original or Amended Complaints was "inappropriate and is akin to amending the Complaint a second time without leave of the Court." 579 F. Supp. 2d 724, 744 (D. Md. 2008). Accordingly, this Court finds that Plaintiffs failed to sufficiently allege a federal common law cause of action. Because ISN has no statutory standing to sue, the Court dismisses ISN from the case; hereinafter, the Court will refer to Malkani as the only Plaintiff.

3. <u>Article III Standing</u>

"Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, the plaintiff must show that (1) he or she "suffered an injury in fact"; (2) "there [is] a causal connection between the injury and the conduct complained of" by the defendant; and (3) "it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable

7

decision." *Id.* at 560-61 (internal citation and quotations omitted). The plaintiffs bear the burden of satisfying each of these three elements. *See id.* at 561.

To satisfy the "injury in fact" requirement, the plaintiff must allege that he or she has suffered the invasion of a "legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560. The injury must "affect the plaintiff in a personal and individual way" and must also be "legally and judicially cognizable." *Id*. at 560-61 n.1. In other words, the plaintiffs "must allege that they have been harmed in fact, not that they 'can imagine circumstances in which [they] could be affected.'" *Doe v. Blue Cross Blue Shield*, 173 F. Supp. 2d 398, 403 (D. Md. 2001) (internal quotation omitted).

Malkani brings this suit under ERISA § 502(a)(2)-(3) on behalf of the ISN Plan to hold Clark Group liable for the losses to the ISN Plan and for any third party claims the ISN Plan may be subject to as a result of ISN's losses. (Compl. ¶ 17.) According to her, ISN's reliance on Clark Group's misinterpretations caused the Plan to make improper distributions to former employees of ISN, which led ISN to make "excess contributions to the ISN Plan." (Compl. ¶¶ 15-16.) Malkani also claims that Clark Group failed to properly account for participant forfeitures in the Plan as well, "further contributing to ISN's erroneous and excessive contributions to the ISN Plan." (Compl. ¶ 37.) In Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss, Malkani contends that, if Defendants' misinterpretations continue, the Plan will become underfunded, thereby placing the ISN Plan and its participants in "jeopardy." (Doc. No. 21 at 13-14.) Finally, Malkani believes that Clark Group's alleged errors has subjected the Plan "to possible penalties from the IRS[,] including tax disqualification." (Compl. ¶¶ 36-37.) According to Malkani, if the Plan were to lose its tax-qualified status, participants and beneficiaries with accounts in the ISN Plan would be injured by way of having immediately

taxable income. (Doc. No. 21 at 13.)

Defendants do not contend that Malkani would be unable to show a causal connection between the injury to the Plan and Clark Group's alleged misconduct, or that a favorable decision by the Court would be unlikely to redress the injury. *See Lujan*, 504 U.S. at 560-61. Instead, Defendants assert that Malkani did not allege any injury to the Plan itself because her claims that ISN has been forced to make excess contributions to the Plan and that the Plan made improper distributions to employees are actually allegations of injury to the company, which do not give rise to an ERISA cause of action. (Doc. No. 17 at 23-24.) In addition, Malkani's contention that Clark Group's interpretation could subject the Plan to penalties from the IRS is a conclusory allegation, according to Defendants, since Malkani offers no specifics as to "what [applicable] provisions of the tax code the Plan has supposedly violated, what potential penalties the Plan allegedly faces, or any reason why the Plan would face tax disqualification."[5] (Doc. No. 17 at 25.)

Courts have also frequently held in ERISA and non-ERISA cases that the plaintiffs did not have Article III standing due to their failure to properly allege an injury in fact. In *Falwell*, the court dismissed the plaintiffs' suit because the plaintiffs' allegation that "the Attorney General may, at some future time, via some hypothetical mechanism," enforce particular laws against them, did not demonstrate "an injury in fact, either actual or imminent, fairly traceable to the Attorney General." 198 F. Supp. 2d at 776 (internal citation omitted). *See also Doe*, 173 F.2d at 406 (stating that the plaintiffs' claims fail for lack of Article III standing because their complaint, theorizing that Blue Cross may at some indefinite point in the future deny benefits

---

[5] In Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss, they cite to 26 U.S.C. § 4972 as an example of a statute that allows the IRS to impose a tax on improper contributions to plans. (Doc. No. 21 at 17.) However, as Defendants correctly argue, § 4972 "imposes an excise tax on employers when they make 'nondeductible contributions' to a qualified plan," and thus is not relevant to this issue. (Doc. No. 24 at 12.) Plaintiffs do not cite to any other tax-related statute to support their claim.

9

pursuant to a restrictive reading of the contract, "does not allege a concrete and actual or imminent 'injury in fact'").[6]

Similarly, Malkani's contention that Defendants' actions *could* result in a loss of tax-qualified status for the Plan alleges a hypothetical, rather than an "actual or imminent," injury, as Malkani does not plead any specifics as to when the Plan could lose its tax-qualified status and for what reason. Also, Malkani's argument that the Plan will become underfunded if Defendants are allowed to continue supposedly misinterpreting the Plan's provisions also fails to allege an "actual or imminent" injury, as Malkani did not claim that this potential underfunding is "imminent." Although Malkani asserts that "[t]he full extent of this harm can be determined in discovery and ultimately, upon Plaintiffs' success on the merits, with a full and proper audit of the ISN Plan," there are no grounds for the Court to determine that the ISN Plan has suffered an injury in fact at this point.[7] (Doc. No. 21 at 14.)

Finally, and most significantly, Defendants argue that it is not possible for a defined contribution plan such as the ISN Plan to become underfunded or have its assets depleted because "an employee's attainment of a vested right to his or her account balance more quickly does not . . . reduce the amount of money in the Plan as a whole." (Doc. No. 24 at 14.)

---

[6] Generally, in ERISA cases where the plaintiffs had Article III standing to sue, an actual injury had already occurred. In *Wilmington Shipping Co.*, the plaintiff, a plan participant, lost his right to a lump-sum payment of benefits once the Plan was terminated. 496 F.3d at 334. The court there found that the plaintiff's alleged injury satisfied the injury in fact requirement because "[a]s things now stand, Ruffin cannot receive a lump-sum payment of his benefits" due to the defendants' misconduct. *Id. See also In re Mut. Funds Inv. Litig.*, 529 F.3d 207, 216 (4th Cir. 2008) (stating that the plaintiffs alleged an actual injury, since their retirement accounts were worth less than they would have been had defendants not breached their fiduciary duties); *DiFelice*, 235 F.R.D. at 75 (finding that the loss to the Plan's assets due to the defendant's "allegedly imprudent investment are concrete and actual" because "it is not disputed that the value of that stock declined over the course of the proposed class period, or that much of the value of the Company Stock Fund was ultimately eliminated during Group's bankruptcy reorganization").

[7] Plaintiffs argue that "[s]ome courts have held that the existence of ERISA § 502(a) is sufficient to grant plaintiffs standing for Article III purposes as well." (Doc. No. 21 at 13.) However, of the two cases cited, *Warth v. Seldin*, 422 U.S. 490, 501 (1975), does not involve an ERISA claim, and *Fin. Inst. Ret. Fund v. Office of Thrift Supervision*, 964 F.2d 142, 147 (2d Cir. 1992), was decided before the landmark *Lujan* case, which changed the requirements for Article III standing.

Assuming Malkani's claims to be true, the fact that ISN employees earned two years of vesting credit from their first year of employment could not have depleted the Plan's funds, as it did not require the Plan to distribute more of its funds to its participants or beneficiaries. *See Hughes Aircraft Co.*, 525 U.S. at 439 (stating that defined contribution plans provide for "benefits based solely upon the amount contributed to the participant's account," which means there can never be an insufficiency of funds in the plan). Therefore, Malkani has failed to allege an actual injury to the Plan.

Since Malkani lacks Article III standing, this Court does not have subject matter jurisdiction over this matter. Because neither Plaintiff has standing to pursue this lawsuit, it is not necessary to determine whether Plaintiffs failed to state a claim for which relief can be granted pursuant to Rule 12(b)(6). Accordingly, the Court must dismiss the Complaint under Rule 12(b)(1).[8]

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Leave to Amend the Complaint and GRANTS Defendants' Joint Motion to Dismiss for lack of subject matter jurisdiction. A separate Order shall follow.

| | |
|---|---|
| July 30, 2010 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |

---

[8] Defendants also argue that the Complaint should be dismissed because "it is untimely under the three-year statute of limitations governing ERISA fiduciary duty claims." (Doc. No. 17 at 36.) Defendants claim that Plaintiffs had actual knowledge of Defendants' calculations of distributions and contributions for more than three years before filing this lawsuit. (*Id.* at 37-38.) As Plaintiffs note, it is inappropriate to consider an affirmative defense such as the statute of limitations question on a motion to dismiss unless "all facts necessary to [rule on] the affirmative defense "clearly appear[ ] on the face of the complaint," which is not the case here. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (internal quotation omitted). Since Defendants' allegation implicates a dispute of material fact, which must be viewed in the light most favorable to Plaintiffs at the motion to dismiss stage, the Court will not dismiss Plaintiffs' Complaint pursuant to Defendants' statute of limitations argument.